IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE TRAILS, LLC,
OVERPECK MANAGEMENT, LLC,
and GALWAY CONSTRUCTION, LLC,

      Plaintiffs,

v.                                                     1:15-cv-00996-LF-CG

STEVEN J. METRO INDIVIDUALLY
and d/b/a METRO REAL ESTATE, LLC,
WILSON & COMPANY INC.,
ENGINEERS & ARCHITECTS,
and   DANIEL AGUIRRE,

      Defendants.

## ORDER

THIS MATTER is before the court *sua sponte* for jurisdictional purposes. Plaintiffs The Trails, LLC ("The Trails") and Overpeck Management, LLC ("Overpeck") are both Nevada limited liability companies. Doc. 38 ¶¶ 4, 5. Although plaintiff Galway Construction, Inc., ("Galway"), is identified in the caption as an LLC, in the body of the amended complaint, Galway is identified as "Galway Construction, Inc., . . . a Nevada Corporation, doing business in New Mexico." *Id.* ¶ 6. The plaintiffs' amended complaint alleges claims against defendant Steven Metro, individually and d/b/a Metro Real Estate, LLC.[1] *Id.* at 1 (caption), ¶¶ 7, 87–96, 118–87. Plaintiffs also allege claims against Daniel Aguirre, "a citizen of New Mexico," and Wilson & Company, Inc., ("Wilson"), described in the amended complaint as "a Kansas Corporation, doing business in New Mexico." *Id.* ¶¶ 8, 9, 97–172, 177–87.

The amended complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiffs have alleged a claim against Steven Metro under the Racketeer Influenced and

---
[1] Plaintiffs do not bring any claims specifically against Metro Real Estate, LLC.

Corrupt Organizations Act, 18 USC § 1961, *et seq.*, ("RICO") pursuant to 18 U.S.C. § 1964. Doc. 38 ¶¶ 87–96. The plaintiffs' other claims are brought under New Mexico state law, and plaintiffs allege they are a part of the same case or controversy as the RICO claim, which gives the Court supplemental jurisdiction under 18 U.S.C. § 1367. Doc. 38 ¶ 12. "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010) (internal quotations and citation omitted). Accordingly, the Court may exercise supplemental jurisdiction over the state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

The court may decline to exercise its supplemental jurisdiction over a plaintiff's state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "The decision [of] whether to decline jurisdiction rests in the court's discretion." *Busey v. Bd. of Cty. Comm'rs of Cty. of Shawnee, Kansas*, 163 F. Supp. 2d 1291, 1295 (D. Kan. 2001).

Steven Metro has moved for summary judgment on plaintiffs' RICO claim. *See* Doc. 129. If the Court should grant this motion, this Court would no longer have original jurisdiction over any remaining claim based on a federal question. The Tenth Circuit has held that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City,* 660 F.3d 1228, 1248

(10th Cir.2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998)).

On the other hand, this case may be between citizens of different states, allowing for original jurisdiction based on the diversity of the parties. *See* 28 U.S.C. § 1332. Original diversity jurisdiction under 28 U.S.C. § 1332(a), requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00. *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1107 (10th Cir. 2000), as amended on denial of reh'g and reh'g en banc (Oct. 12, 2000). "[D]iversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). Complete diversity of citizenship "exists only if no plaintiff and no defendant are citizens of the same state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). For diversity jurisdiction purposes, "a person is a citizen of a state if the person is domiciled in that state," that is, if the "person resides there and intends to remain there indefinitely." *Id.* Because of the potential that the RICO claim may be dismissed on summary judgment, the Court may need to determine whether it has jurisdiction based on diversity. The information provided in plaintiffs' amended complaint is insufficient to determine whether the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

"Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)) (other citations omitted); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is

3

determined by considering all of the entity's 'members'"). "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel*, 781 F.3d at 1239.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Plaintiffs allege that The Trails and Overpeck are Nevada limited liability companies doing business in New Mexico. Doc. 38 ¶¶ 4, 5. The amended complaint, however, does not identify the citizenship of each entity's members. Similarly, the amended complaint identifies plaintiff Galway as a Nevada corporation and defendant Wilson as a Kansas corporation, but does not identify each corporation's principal place of business.

Accordingly, no later than January 5, 2018, The Trails and Overpeck shall file a response stating the citizenship, as of the time that the underlying district court action was commenced, of all of the members of The Trails, LLC, and Overpeck Management, LLC. The Trails and Overpeck must identify the domicile, not just the residence, of each individual member of the unincorporated associations. *See Siloam Springs*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."). Further, Galway and Wilson each must file a response identifying the state by which it has been

incorporated and the state where it has its principal place of business. And finally, Mr. Metro and Mr. Aguirre each must file a response identifying his domicile at the time the amended complaint was filed.

    IT IS SO ORDERED.

                                                                            _____
                                                                            Laura Fashing
                                                                            United States Magistrate Judge