IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE TRAILS, LLC,
OVERPECK MANAGEMENT, LLC,
and GALWAY CONSTRUCTION, LLC,

      Plaintiffs,

v.                                                    1:15-cv-00996-LF-CG

STEVEN J. METRO individually
and d/b/a METRO REAL ESTATE, LLC,
WILSON & COMPANY INC.,
ENGINEERS & ARCHITECTS,
and DANIEL AGUIRRE,

      Defendants,

## ORDER ON MOTIONS

THIS MATTER comes before the Court on defendant Steven J. Metro's ("Metro") motion for summary judgment on Count I (plaintiffs' RICO claim ) (Doc. 129); defendants Wilson & Company, Inc. ("Wilson") and Metro's motion for summary judgment on Count VI (tortious interference) and Count IX (civil conspiracy) (Doc 99); defendants Wilson, Daniel Aguirre ("Aguirre"), and Metro's motion for summary judgment on Count II (negligence per se) (Doc. 123); defendants Aguirre and Metro's motion for summary judgement on Count II (negligence per se), Count IV (breach of fiduciary duty), and Count VII (professional negligence) on waiver grounds (Doc. 124); defendant Metro's motion for summary judgment on Count VIII (unjust enrichment) (Doc. 128); defendant Metro's motion for summary judgment on Count IV (breach of fiduciary duty), Count V (fraud), and Count VII (professional negligence) (Doc. 130); defendants Wilson, Aguirre, and Metro's motions for summary judgment on Count II (negligence per se), Count III (breach of contract), Count IV (breach of fiduciary duty), and

Count VII (professional negligence) on statute of limitations grounds (Docs. 121 and 122); and plaintiffs' motion for summary judgment on Count II (negligence per se), Count III (breach of contract), Count IV (breach of fiduciary duty), and Count V (fraud) (Doc. 126).

The Court held a hearing on all of the motions on January 29, 2018. (Doc. 193) On January 31, 2018, the Court orally stated its rulings, and the reasons for the rulings, on the record. Doc. (194). For the reasons stated on the record, IT IS ORDERED that:

1) Defendant Metro's motion for summary judgment on Count I (plaintiffs' RICO claim) (Doc. 129) is GRANTED. Count I is dismissed with prejudice.

2) Defendants Wilson and Metro's motion for summary judgment on Count VI (tortious interference) and Count IX (civil conspiracy) (Doc 99) is GRANTED with respect to plaintiff Overpeck Management, LLC, and DENIED with respect to plaintiff Galway Construction, LLC. Overpeck Management's claims against Wilson and Metro for tortious interference as alleged in Count VI and for civil conspiracy based on tortious interference as alleged in Count IX are dismissed with prejudice.

3) Defendants Wilson, Aguirre, and Metro's motion for summary judgment on Count II (negligence per se) (Doc. 123), is GRANTED with respect to NMAC §§ 16.39.8.9 (D)(1), (D)(4) and (D)(5), and is DENIED as to NMAC § 16.39.8.9(D)(2). If plaintiffs present sufficient evidence at trial to support a finding that Wilson accepted compensation from more than one party for services on the same project without fully disclosing the circumstances to the interested parties, plaintiffs will be entitled to a negligence per se instruction with respect to the negligence alleged in Count II. *See* NMRA, Civ. UJI 13-1501, 13-1502. However, the jury still must determine whether any per se negligence caused or contributed to any of plaintiffs' injuries. *See* NMRA,

Civ. UJI 13-1503. Plaintiffs have not asserted a claim under NMAC § 16.39.8.9(D)(3) and, accordingly, the Court makes no ruling with respect to section (D)(3).

4) Defendants Aguirre and Metro's motion for summary judgement on Count II (negligence per se), Count IV (breach of fiduciary duty), and Count VII (professional negligence) on waiver grounds (Doc. 124) is GRANTED. Plaintiffs' claims against Aguirre and Metro in Counts II, IV and VII are dismissed with prejudice.

5) Defendant Metro's motion for summary judgment on Count VIII (unjust enrichment) (Doc. 128) is GRANTED. Count VIII is dismissed with prejudice.

6) Defendant Metro's motion for summary judgment on Count IV (breach of fiduciary duty), Count V (fraud), and Count VII (professional negligence) (Doc. 130), is GRANTED. Plaintiffs' claims against Metro in Counts IV, V and VII are dismissed with prejudice.

7) Plaintiffs' motion for summary judgment on Count II (negligence per se), Count III (breach of contract), Count IV (breach of fiduciary duty), and Count V (fraud) (Doc. 126) is DENIED.

8) Defendants Wilson, Aguirre, and Metro's motions for summary judgment on Count II (negligence per se), Count III (breach of contract), Count IV (breach of fiduciary duty), and Count VII (professional negligence) on statute of limitations grounds (Docs. 121 and 122), are taken under advisement and will be ruled on at a later date.

IT IS SO ORDERED.

                                              Laura Fashing
                                              United States Magistrate Judge
                                              Presiding by Consent